1
2
3
4
5
6
7
8
9

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

10  MASTERS SOFTWARE, INC, a Texas       No.
    Corporation,
11                                        **COMPLAINT FOR FEDERAL**
12                          Plaintiff,    **TRADEMARK INFRINGEMENT,**
                                          **FEDERAL UNFAIR COMPETITION,**
         v.                               **FEDERAL COUNTERFEITING,**
13                                        **REVERSE CONFUSION,COMMON**
    DISCOVERY COMMUNICATIONS, INC, a      **LAW TRADEMARK**
14  Delaware Corporation; THE LEARNING    **INFRINGEMENT,  VIOLATION OF**
    CHANNEL, INC, a Delaware Corporation; **THE WASHINGTON STATE**
15  THE LEARNING CHANNEL, LLC, a          **CONSUMER PROTECTION ACT,**
    Delaware Limited Liability Company;   **AND TORTIOUS INTERFERENCE**
16  BARTOLO "BUDDY" VALASTRO, an          **WITH CONTRACTUAL**
    individual,                           **RELATIONSHIP**
17
18                          Defendants.
19                                        **[JURY TRIAL DEMANDED]**
20
        Plaintiff, Masters Software, Inc. ("Plaintiff") through its undersigned counsel, makes the
21
    following allegations and requests for relief:
22
23
                              **I.  PARTIES**
24
25  1.  Plaintiff, Masters Software, Inc is a Texas corporation having its principal place of
26
        business at 1525 Cypress Creek Road, Suite H-192, Cedar Park, TX 78613.
27

Complaint for Trademark Infringement, Unfair Competition,
Counterfeiting, Reverse Confusion, Washington State
Consumer Protection Act Violations, and Tortious
Interference with Contractual Relationship  - 1

LAW OFFICE OF K.D. LONG, PLLC
1741 FIRST AVENUE SOUTH, SUITE 200
SEATTLE, WA 98134
206-569-0314 | 206-569-0313 (F)

2. Discovery Communications in a Delaware corporation having its corporate office at One Discovery Place, Silver Spring, Maryland, 20910.

3. The Learning Channel is a subsidiary of Discovery Communications and a television network broadcasting in Washington State.

4. Bartolo "Buddy" Valastro is an individual having his principal place of business at 95 Washington Street, Hoboken, New Jersey, 07030, and is the star of The Learning Channel television series "Cake Boss."

## II. JURISDICTION AND VENUE

5. The United States District Court has subject matter jurisdiction under 15 U.S.C. §1121, and 28 U.S.C. §1338(a) in that this case arises under the Trademark Laws of the United States, 15 U.S.C. §1051 et seq.

6. This Court has jurisdiction of the state common law, state Consumer Protection Act, unfair competition, and tortuous interference claims herein under the provisions of 28 U.S.C. §1338 (b) in that said claims are joined with a substantial and related claim under the Trademark Laws of the United States, 15 U.S.C. §1051 et seq.

7. This Court has personal jurisdiction over all the parties.

8. Venue is proper pursuant to 28 U.S.C. §1391(b).

## III. FACTUAL BACKGROUND

9. Continuously since on or about May 1, 2007, Plaintiff has used the mark CAKEBOSS in interstate commerce to identify its Computer Software, online baking instruction, and online information in the field of culinary arts.  Plaintiff has used the mark to distinguish its products from those made and sold by others, by, and among other things, prominently

Complaint for Trademark Infringement, Unfair Competition,
Counterfeiting, Reverse Confusion, Washington State
Consumer Protection Act Violations, and Tortious
Interference with Contractual Relationship  - 2

LAW OFFICE OF K.D. LONG, PLLC
1741 FIRST AVENUE SOUTH, SUITE 200
SEATTLE, WA 98134
206-569-0314 | 206-569-0313 (F)

displaying the mark CAKEBOSS on the goods, their containers and the displays

associated therewith.  In addition, Plaintiff has prominently displayed said mark on

websites, invoices, and advertisements distributed throughout the United States.

10. On April 4, 2009, Plaintiff filed an application for registration of the CAKEBOSS mark in

the United States Patent and Trademark Office.  On February 9, 2010, said mark was

registered in the United States Patent and Trademark Office on the Principal Register

under the Act of 1946, covering the use of said mark on "Computer software for bakery

business management, namely financial, recipe, order, time, and contract management

tools" in Class 9, "Providing online instruction in the field of baking cakes via a global

computer network" in Class 41, and "Providing information in the field of culinary arts

about baking for baking enthusiasts via a global computer network" in Class 43.  A copy

of the registration is attached hereto as Exhibit A.  The registration is valid and has never

been cancelled.

11. Plaintiff is the owner of federal trademark registration number 3,746,204 for

CAKEBOSS.

12. Plaintiff purchased the domain name www.cakeboss.com in February 2006.

13. Plaintiff launched the www.cakeboss.com website in January 2007.

14. Since on or about May 1, 2007, Plaintiff has given Defendants and the world constructive

notice of its common law rights to the mark CAKEBOSS by prominently and

continuously displaying the mark on all products.

15. Plaintiff has invested substantial time, effort and financial resources promoting its

CAKEBOSS trademark in connection with the marketing and sale of its goods in

Complaint for Trademark Infringement, Unfair Competition,
Counterfeiting, Reverse Confusion, Washington State
Consumer Protection Act Violations, and Tortious
Interference with Contractual Relationship  - 3

LAW OFFICE OF K.D. LONG, PLLC
1741 FIRST AVENUE SOUTH, SUITE 200
SEATTLE, WA 98134
206-569-0314 | 206-569-0313 (F)

interstate commerce.  The CAKEBOSS trademark has become an asset of substantial value as a symbol of Plaintiff, its quality of products and its good will.

16. Plaintiff's CAKEBOSS trademark is inherently distinctive as applied to Plaintiff's goods that bear the mark.

17. Defendants have used Plaintiff's mark in interstate commerce by various acts, including producing and airing a television show titled "CAKE BOSS," and by displaying the mark CAKE BOSS on television, websites, online tutorials, and online recipes.  Defendants have offered for sale and advertised such television show and related items under the name CAKE BOSS.

18. Defendants' use of the CAKE BOSS name is without permission or authority of Plaintiff and said use by defendant is likely to cause confusion, to cause mistake, and to deceive.

19. Defendants' use of the CAKE BOSS name has caused actual confusion.

20. Defendants' products are similar to Plaintiff's products in that they both relate to cake baking, baking instruction, and entertainment for baking enthusiasts.

21. Defendants' CAKE BOSS mark is similar in sight, sound, and appearance.  Both marks are pronounced the same.  The only difference between the two marks is a single space between the words Cake and Boss in Defendants' use of the mark.

22. Plaintiff has received over 90 e-mails and letters addressed to Plaintiff, but intended for Defendant.  The mail includes pictures, drawings, requests for meetings with Defendant Valastro, and requests for cakes made by Defendant Valastro.

23. Plaintiff routinely encounters instances of actual confusion where consumers associate Defendants' television series and Plaintiff's software, website recipes, and/or online instruction as one in the same.

Complaint for Trademark Infringement, Unfair Competition,
Counterfeiting, Reverse Confusion, Washington State
Consumer Protection Act Violations, and Tortious
Interference with Contractual Relationship - 4

LAW OFFICE OF K.D. LONG, PLLC
1741 FIRST AVENUE SOUTH, SUITE 200
SEATTLE, WA 98134
206-569-0314 | 206-569-0313 (F)

24. Defendants' use of the CAKE BOSS name without permission or authority of Plaintiff amounts to trademark infringement and unfair competition.

25. Defendants heretofore alleged acts of trademark infringement and unfair competition have been committed with the intent to cause confusion, mistake and to deceive.

26. Defendant affixed a CAKE BOSS designation to its products, even though Defendants' products are not affiliated with, nor do they originate from Plaintiff.

27. On or about March 23, 2009, Plaintiff learned of Defendants' plans to release a television series titled Cake Boss.

28. On or about March 25, 2009, Plaintiff provided Defendants with actual notice of Plaintiff's trademark rights related to the CAKEBOSS mark.

29. On or about March 25, 2009, Plaintiff called the legal department of Defendant Discovery Communications, and requested that defendants cease and desist from their unauthorized use of the CAKEBOSS mark, or any mark that is similar to the CAKEBOSS mark. Plaintiff was told that Defendant Discovery Communications would not take any steps to address Plaintiff's concerns.

30. On or about March 30, 2009, Plaintiff emailed Defendant Valastro informing him of their prior rights to the CAKEBOSS name and requesting that he speak to the Cake Boss television show's producers to get the name of the television show changed.  Defendant Valastro responded to Plaintiff via email the same day, indicating that he was sorry to hear about Plaintiff's plight and requesting Plaintiff to call him.  Defendant Valastro provided his phone number.

31. On or about March 30, 2009, Plaintiff telephoned Defendant Valastro and requested that he and his producers cease using the name Cake Boss for their upcoming show.

Complaint for Trademark Infringement, Unfair Competition,
Counterfeiting, Reverse Confusion, Washington State
Consumer Protection Act Violations, and Tortious
Interference with Contractual Relationship - 5

LAW OFFICE OF K.D. LONG, PLLC
1741 FIRST AVENUE SOUTH, SUITE 200
SEATTLE, WA 98134
206-569-0314 | 206-569-0313 (F)

1
2
3

Defendant Valastro expressed his regrets for the difficult situation Plaintiff was experiencing due to the show and indicated he would speak to the show's producers about the infringing name.

4
5
6
7

32. On or about April 19, 2009, Discovery Communications and The Learning Channel first aired the television series "Cake Boss."  As of March 2010, the Defendants have completed the second season of Cake Boss and are in production for season three.

8
9

33. The first, and all subsequent, Cake Boss television shows aired **after** the Defendants were given actual notice of their infringement of Plaintiff's CAKEBOSS mark.

10
11
12

34. Defendants' use of the CAKE BOSS mark on their website to display information and instruction about cake baking occurred **after** the Defendants were given actual notice of their infringement of Plaintiff's CAKEBOSS mark.

13
14
15
16
17

35. On or about September 1, 2009, Plaintiff entered into a contractual agreement with Global Sugar Art to sell CAKEBOSS branded bake ware and cake decorating supplies.  The agreement included provisions whereby Plaintiff would receive a set percentage of sales revenues derived from the sale of CAKEBOSS branded products.

18
19
20

36. On or about October 22, 2009, Global Sugar Art began selling CAKEBOSS branded bake ware and cake decorating supplies.

21
22
23
24

37. On or about November 13, 2009, Defendant Valastro contacted Alan Tetreault of Global Sugar Art, indicating that unless Global Sugar Art ceased selling cake decorating supplies branded with the CAKEBOSS trademark, The Learning Channel would send a formal cease and desist letter to Global Sugar Art.

25
26
27

Complaint for Trademark Infringement, Unfair Competition,
Counterfeiting, Reverse Confusion, Washington State
Consumer Protection Act Violations, and Tortious
Interference with Contractual Relationship - 6

LAW OFFICE OF K.D. LONG, PLLC
1741 FIRST AVENUE SOUTH, SUITE 200
SEATTLE, WA 98134
206-569-0314 | 206-569-0313 (F)

38. On or about December 3, 2009, Global Sugar Art ceased selling CAKEBOSS branded products, citing "pressure from TLC" and "Buddy assured me they would be sending a letter."

39. As a result of Defendants' actions and interference with Plaintiff's business relationship with Global Sugar Art, Plaintiff suffered a loss of income, profits, and goodwill. Defendants' acts have inhibited Plaintiff's ability to expand its business.

40. On or about March 11, 2010, Plaintiff presented Defendants with a formal letter, again requesting Defendants to cease and desist from using the CAKEBOSS or CAKE BOSS mark.  Defendants have refused to cease such acts.

41. Each time the Cake Boss television show airs, Plaintiff's website and web server are compromised due to television fans attempting to find the Cake Boss television show website.  Viewers click on www.cakeboss.com, but quickly divert from the page upon learning that it does not belong to the television series.  These quick visits to the CakeBoss website cause www.cakeboss.com to lose priority in website searches.

42. Plaintiff participated as a vendor in a trade show called the Austin "That Takes the Cake" Show in February 2010.  On information and belief, at least one producer from The Learning Channel attended the same trade show.

43. While Plaintiff was participating in the Austin "That Takes the Cake" Show, a confused consumer approached Plaintiff to inform Plaintiff that the Cake Boss television series had recently released a software program to aid bakers in managing their cake baking businesses.  Plaintiff's products include of a software program which aids bakers in managing their cake baking businesses.  On information and belief, Defendants have not released such software.

Complaint for Trademark Infringement, Unfair Competition,
Counterfeiting, Reverse Confusion, Washington State
Consumer Protection Act Violations, and Tortious
Interference with Contractual Relationship - 7

LAW OFFICE OF K.D. LONG, PLLC
1741 FIRST AVENUE SOUTH, SUITE 200
SEATTLE, WA 98134
206-569-0314 | 206-569-0313 (F)

44. Plaintiff has lost income, profits and goodwill due to the actions of Defendants.

### IV. FIRST CAUSE OF ACTION
#### (Federal Trademark Infringement 15 U.S.C. §1114)

45. Plaintiff hereby realleges, as if fully set forth, the allegations of paragraphs 1 through 44.

46. As its first ground for relief, Plaintiff alleges federal trademark infringement under Section 32(1) of the Lanham Act, 15 U.S.C. §1114(1).

47. CAKEBOSS is a valid, protectable trademark.

48. Plaintiff is the owner of federal trademark registration 3,746,204, for the mark CAKEBOSS, which issued on February 9, 2010 on the Principal Register of the United States Patent and Trademark Office.

49. Defendant used CAKE BOSS, a mark similar to CAKEBOSS without the consent of the Plaintiff in a manner that is likely to cause confusion among ordinary purchasers as to the source of the goods.

50. Defendants' actions are likely to lead the public to conclude, incorrectly, that its goods originate with, or are authorized by the same party as Plaintiff's goods, which will damage both Plaintiff and the public.

51. Defendants' unauthorized use of the CAKE BOSS mark in interstate commerce as described above constitutes trademark infringement under 15 U.S.C. §1114(1) and is likely to cause consumer confusion, mistake, or deception.

52. As a direct and proximate result of Defendants' trademark infringement, Plaintiff has suffered and will continue to suffer loss of income, profits and good will and Defendants have and will continue to unfairly acquire income, profits and good will.

Complaint for Trademark Infringement, Unfair Competition, Counterfeiting, Reverse Confusion, Washington State Consumer Protection Act Violations, and Tortious Interference with Contractual Relationship - 8

LAW OFFICE OF K.D. LONG, PLLC
1741 FIRST AVENUE SOUTH, SUITE 200
SEATTLE, WA 98134
206-569-0314 | 206-569-0313 (F)

53. Defendants' acts of infringement will cause further irreparable injury to Plaintiff if Defendants are not restrained by this Court from further violation of Plaintiff's rights. Plaintiff has no adequate remedy at law.

## V.  SECOND CAUSE OF ACTION
### (Federal Unfair Competition 15 U.S.C. §1125(a))

54. Plaintiff hereby realleges, as if fully set forth, the allegations of paragraphs 1 through 53.

55. As its second ground for relief, Plaintiff alleges federal unfair competition under Section 41(a) of the Lanham Act, 15 U.S.C. §1125(a).

56. Defendants' unauthorized marketing and sale of its products in interstate commerce using the CAKE BOSS mark constitute a use of false designation of origin or false representation that wrongfully and falsely designates Defendants' products as originating from or connected with Plaintiff, and constitutes the use of false descriptions or representations in interstate commerce.

57. Defendants' actions constitute federal unfair competition and violate 15 U.S.C. §1125(a).

58. As a direct and proximate result of Defendants' unfair competition, Plaintiff has suffered and will continue to suffer loss of income, profits and good will and Defendants have and will continue to unfairly acquire income, profits and good will.

59. Defendants' acts of unfair competition will cause further irreparable injury to Plaintiff if Defendants are not restrained by this Court from further violation of Plaintiff's rights. Plaintiff has no adequate remedy at law.

## VI. THIRD CAUSE OF ACTION
### (Federal Counterfeiting 15 U.S.C. §1114)

60.  Plaintiff hereby realleges, as if fully set forth, the allegations of paragraphs 1 through 59.

Complaint for Trademark Infringement, Unfair Competition,
Counterfeiting, Reverse Confusion, Washington State
Consumer Protection Act Violations, and Tortious
Interference with Contractual Relationship  - 9

LAW OFFICE OF K.D. LONG, PLLC
1741 FIRST AVENUE SOUTH, SUITE 200
SEATTLE, WA 98134
206-569-0314 | 206-569-0313 (F)

61. As its third ground for relief, Plaintiff alleges federal counterfeiting under Section 32 of the Lanham Act, 15 U.S.C. §1114.

62. Defendants, without the consent of Plaintiff, used in commerce a counterfeit of the CAKEBOSS mark in connection with the sale, offering for sale, distribution, or advertising of goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive.

63. Defendants' use of such counterfeit mark was committed with knowledge that such imitation is intended to cause confusion, or to cause mistake, or to deceive.

64. Defendants' use of the CAKE BOSS mark constitutes intentional, knowing use of a counterfeit mark.

65. Defendants' actions constitute federal counterfeiting and violate 15 U.S.C. §1114.

66.  As a direct and proximate result of Defendants' counterfeiting, Plaintiff has suffered and will continue to suffer loss of income, profits and good will and Defendants have and will continue to unfairly acquire income, profits and good will.

67. Defendants' acts of counterfeiting will cause further irreparable injury to Plaintiff if Defendants are not restrained by this Court from further violation of Plaintiff's rights. Plaintiff has no adequate remedy at law.

## VII.   FOURTH CAUSE OF ACTION
### (Reverse Confusion)

68. Plaintiff hereby realleges, as if fully set forth, the allegations of paragraphs 1 through 67.

69. As its fourth ground for relief, Plaintiff alleges reverse confusion under Section 32(1) of the Lanham Act, 15 U.S.C. §1114(1).

70. CAKEBOSS is a valid, protectable trademark.

Complaint for Trademark Infringement, Unfair Competition,
Counterfeiting, Reverse Confusion, Washington State
Consumer Protection Act Violations, and Tortious
Interference with Contractual Relationship - 10

LAW OFFICE OF K.D. LONG, PLLC
1741 FIRST AVENUE SOUTH, SUITE 200
SEATTLE, WA 98134
206-569-0314 | 206-569-0313 (F)

71. Plaintiff is the owner of federal trademark registration 3,746,204, for the mark CAKEBOSS, which issued on February 9, 2010 on the Principal Register of the United States Patent and Trademark Office.

72. Defendants used CAKE BOSS, a mark similar to CAKEBOSS without the consent of the Plaintiff in a manner that is likely to cause confusion among ordinary purchasers as to the source of the goods.

73. Defendants' actions are likely to lead the public to conclude, incorrectly, that Plaintiff's goods originate from Defendants, which will damage both Plaintiff and the public.

74. Defendants' unauthorized use of the CAKE BOSS mark in interstate commerce as described above constitute reverse trademark infringement and is likely to cause consumer confusion, mistake, or deception.

75. As a direct and proximate result of Defendants' reverse trademark infringement, Plaintiff has suffered and will continue to suffer loss of income, profits and good will and Defendants have and will continue to unfairly acquire income, profits and good will.

76. Defendants' acts of reverse trademark infringement will cause further irreparable injury to Plaintiff if Defendants are not restrained by this Court from further violation of Plaintiff's rights.  Plaintiff has no adequate remedy at law.

### VIII.   FIFTH CAUSE OF ACTION
#### (Common Law Trademark Infringement)

77. Plaintiff hereby realleges, as if fully set forth, the allegations of paragraphs 1 through 76.

78. As its fifth ground for relief, Plaintiff alleges trademark infringement in violation of Washington State common law.

79.  CAKEBOSS is a valid, protectable trademark.

Complaint for Trademark Infringement, Unfair Competition,
Counterfeiting, Reverse Confusion, Washington State
Consumer Protection Act Violations, and Tortious
Interference with Contractual Relationship  - 11

LAW OFFICE OF K.D. LONG, PLLC
1741 FIRST AVENUE SOUTH, SUITE 200
SEATTLE, WA 98134
206-569-0314 | 206-569-0313 (F)

80. Plaintiff is the owner of common law trademark rights to CAKEBOSS since as early as May 1, 2007.

81. Defendants used CAKE BOSS, a mark similar to CAKEBOSS without the consent of the Plaintiff in a manner which is likely to cause confusion among ordinary purchasers as to the source of the goods.

82. Defendants' actions are likely to lead the public to conclude, incorrectly, that its goods originate with or are authorized by the same party as Plaintiff's goods, which will damage both Plaintiff and the public.

83. Defendants' unauthorized use of the CAKE BOSS mark in interstate commerce as described above constitutes trademark infringement under Washington State common law and is likely to cause consumer confusion, mistake, or deception.

84. As a direct and proximate result of Defendants' trademark infringement, Plaintiff has suffered and will continue to suffer loss of income, profits and good will and Defendants have and will continue to unfairly acquire income, profits and good will.

85. Defendants' acts of infringement will cause further irreparable injury to Plaintiff if Defendants are not restrained by this Court from further violation of Plaintiff's rights. Plaintiff has no adequate remedy at law.

## IX. SIXTH CAUSE OF ACTION
### (Washington Consumer Protection Act R.C.W. 19.86)

86. Plaintiff hereby realleges, as if fully set forth, the allegations of paragraphs 1 through 85.

87. As its sixth ground for relief, Plaintiff alleges violation of Washington's Consumer Protection Act and Washington common law unfair competition, R.C.W. 19.86.020.

Complaint for Trademark Infringement, Unfair Competition, Counterfeiting, Reverse Confusion, Washington State Consumer Protection Act Violations, and Tortious Interference with Contractual Relationship - 12

LAW OFFICE OF K.D. LONG, PLLC
1741 FIRST AVENUE SOUTH, SUITE 200
SEATTLE, WA 98134
206-569-0314 | 206-569-0313 (F)

88. Defendants' actions of restraining Plaintiff's ability to sell its product constitute unfair competition and unfair or deceptive acts in the conduct of commerce.

89. Defendants' actions injured Plaintiff, and have the capacity to continue to injure Plaintiff.

90. As a direct and proximate result of Defendants' unfair competition, Plaintiff has suffered and will continue to suffer loss of income, profits and good will and Defendants have and will continue to unfairly acquire income, profits and good will.

91. Defendants' acts of unfair competition will cause further irreparable injury to Plaintiff if Defendants are not restrained by this Court from further violation of Plaintiff's rights. Plaintiff has no adequate remedy at law.

## X.  SEVENTH CAUSE OF ACTION
### (Tortious Interference with Contract)

92. Plaintiff hereby realleges, as if fully set forth, the allegations of paragraphs 1 through 91.

93. As its seventh ground for relief, Plaintiff alleges tortious interference with a contract or business relationship.

94. Plaintiff had a valid contractual and business relationship.

95. Defendants were aware of said contractual or business relationship.

96. Defendants intentionally interfered with the contractual and business relationship, inducing and causing termination of the relationship.

97. Plaintiff was damaged by Defendants' intentional interference with the contractual and business relationship.

98. As a direct and proximate result of Defendants' tortious interference, Plaintiff has suffered and will continue to suffer loss of income, profits and good will and Defendants have and will continue to unfairly acquire income, profits and good will.

Complaint for Trademark Infringement, Unfair Competition,
Counterfeiting, Reverse Confusion, Washington State
Consumer Protection Act Violations, and Tortious
Interference with Contractual Relationship  - 13

LAW OFFICE OF K.D. LONG, PLLC
1741 FIRST AVENUE SOUTH, SUITE 200
SEATTLE, WA 98134
206-569-0314 | 206-569-0313 (F)

99. Defendants' acts of tortious interference will cause further irreparable injury to Plaintiff if Defendants are not restrained by this Court from further violation of Plaintiff's rights. Plaintiff has no adequate remedy at law.

## XI. RELIEF REQUESTED

Wherefore, in consideration of the foregoing, Plaintiff respectfully requests that this Court enter an Order granting it the following relief:

1. Judgment that Plaintiff's CAKEBOSS trademark has been and continues to be infringed by Defendants in violation of 15 U.S.C. §1114(1);

2. Judgment that Defendants' use of its CAKE BOSS trademark constitutes federal unfair competition in violation of 15 U.S.C. §1125(a);

3. Judgment that Defendants' use of the CAKE BOSS trademark constitutes federal counterfeiting in violation of 15 U.S.C. §1114(1);

4. Judgment that Defendants' use of its CAKE BOSS trademark violates Washington State's common law trademark infringement and common law unfair competition laws;

5. Judgment that Defendants' use of its CAKE BOSS trademark violates the Washington State Consumer Protection Act in violation of R.C.W. 19.86.020;

6. Judgment that Defendants' use of the counterfeit CAKE BOSS trademark was willful and intentional use of a mark that Defendant knew to be counterfeit;

7. Permanently enjoining and restraining Defendants and each of its agents, employees, officers, attorneys, successors, assigns, affiliates and any persons in privity or active concert or participation with any of them from using the trademark CAKEBOSS or CAKE BOSS, or any other designation alone or in

Complaint for Trademark Infringement, Unfair Competition,
Counterfeiting, Reverse Confusion, Washington State
Consumer Protection Act Violations, and Tortious
Interference with Contractual Relationship - 14

LAW OFFICE OF K.D. LONG, PLLC
1741 FIRST AVENUE SOUTH, SUITE 200
SEATTLE, WA 98134
206-569-0314 | 206-569-0313 (F)

combination with other words or symbols, as a trademark, trade name

component or otherwise, to market, advertise, distribute or identify

Defendants' products where that designation would create a likelihood of

confusion, mistake or deception with Plaintiff's CAKEBOSS mark, including

but not limited to airing of the television show Cake Boss;

8.  Pursuant to 15 U.S.C. §1116(a), directing Defendants to file with the Court and

serve on Plaintiff within thirty (30) days after issuance of an injunction, a

report in writing and under oath setting forth in detail the manner and form in

which Defendant has complied with the injunction;

9.  Pursuant to 15 U.S.C. §1118, requiring Defendants and all others acting under

Defendants' authority, at their cost, be required to deliver up and destroy all

devices, literature, advertising, labels and other materials in their possession

bearing the infringing designation;

10. Ordering Defendants to transfer the www.facebook.com/CakeBoss domain

name to Plaintiff;

11. Awarding Plaintiff all damages sustained as the result of Defendants' acts of

infringement unfair competition and counterfeiting, said amount to be trebled,

together with prejudgment interest, pursuant to 15 U.S.C. §1117;

12. Awarding Plaintiff all profits derived by Defendants from sales and revenues

of any kind made as a result of its infringing actions, said amount to be trebled,

after an accounting pursuant to 15 U.S.C. §1117;

Complaint for Trademark Infringement, Unfair Competition,
Counterfeiting, Reverse Confusion, Washington State
Consumer Protection Act Violations, and Tortious
Interference with Contractual Relationship - 15

LAW OFFICE OF K.D. LONG, PLLC
1741 FIRST AVENUE SOUTH, SUITE 200
SEATTLE, WA 98134
206-569-0314 | 206-569-0313 (F)

13. Awarding of treble actual damages and profits pursuant to 15 U.S.C. §1117(b) because Defendants' conduct was willful within the meaning of the Lanham Act;

14. Awarding Plaintiff its attorney's fees and costs pursuant to 15 U.S.C. §1117, because of the exceptional nature of this case resulting from Defendants' deliberate infringing actions;

15. Awarding Plaintiff its attorney's fees and costs pursuant to R.C.W. 19.86.090; and

16. Granting Plaintiff such other and further remedies as the Court may deem just.


Respectfully submitted this 10th day of March 2010.


LAW OFFICE OF K.D. LONG PLLC

*Kathleen D. Long*

_____
Kathleen Long
WSBA#38317
Attorney for Plaintiff

Complaint for Trademark Infringement, Unfair Competition,
Counterfeiting, Reverse Confusion, Washington State
Consumer Protection Act Violations, and Tortious
Interference with Contractual Relationship - 16

LAW OFFICE OF K.D. LONG, PLLC
1741 FIRST AVENUE SOUTH, SUITE 200
SEATTLE, WA 98134
206-569-0314 | 206-569-0313 (F)

EXHIBIT A

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

Complaint for Trademark Infringement, Unfair Competition,
Counterfeiting, Reverse Confusion, Washington State
Consumer Protection Act Violations, and Tortious
Interference with Contractual Relationship - 17

LAW OFFICE OF K.D. LONG, PLLC
1741 FIRST AVENUE SOUTH, SUITE 200
SEATTLE, WA 98134
206-569-0314 | 206-569-0313 (F)

# United States of America

## United States Patent and Trademark Office

# CAKEBOSS

**Reg. No. 3,746,204**
Registered Feb. 9, 2010

MASTERS SOFTWARE, INC. (TEXAS CORPORATION)
1525 CYPRSS CREEK ROAD, SUITE H #192
CEDAR PARK, TX 78613

**Int. Cls.: 9, 41 and 43**

**TRADEMARK**
**SERVICE MARK**
**PRINCIPAL REGISTER**

FOR: COMPUTER SOFTWARE FOR BAKERY BUSINESS MANAGEMENT, NAMELY, FINANCIAL, RECIPE, ORDER, TIME, AND CONTACT MANAGEMENT TOOLS, IN CLASS 9 (U.S. CLS. 21, 23, 26, 36 AND 38).

FIRST USE 5-1-2007; IN COMMERCE 5-1-2007.

FOR: PROVIDING ONLINE INSTRUCTION IN THE FIELD OF BAKING CAKES VIA A GLOBAL COMPUTER NETWORK, IN CLASS 41 (U.S. CLS. 100, 101 AND 107).

FIRST USE 5-1-2007; IN COMMERCE 5-1-2007.

FOR: PROVIDING INFORMATION IN THE FIELD OF CULINARY ARTS ABOUT BAKING FOR BAKING ENTHUSIASTS VIA A GLOBAL COMPUTER NETWORK, IN CLASS 43 (U.S. CLS. 100 AND 101).

FIRST USE 5-1-2007; IN COMMERCE 5-1-2007.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

SER. NO. 77-722,225, FILED 4-24-2009.

CAROLINE WOOD, EXAMINING ATTORNEY



David J. Kappos

Director of the United States Patent and Trademark Office