Honorable Judge Richard A. Jones

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MASTERS SOFTWARE, INC, a Texas Corporation,<br><br>Plaintiff,<br><br>v.<br><br>DISCOVERY COMMUNICATIONS, INC, a Delaware Corporation; THE LEARNING CHANNEL, INC, a Delaware Corporation; THE LEARNING CHANNEL, LLC, a Delaware Limited Liability Company; BARTOLO "BUDDY" VALASTRO, an individual,<br><br>Defendants. | Civil Action No. 2:10-CV-405<br><br>**COMBINED JOINT STATUS REPORT AND DISCOVERY PLAN** |

Pursuant to FRCP 26(f) and Local Rule CR 16, the parties, through their undersigned counsel of record, jointly submit the following Status Report and Discovery Plan.

1. Statement of the Nature and Complexity of the Case

The case at hand includes claims of federal and common law trademark infringement, reverse confusion, federal unfair competition, violation of the Washington State Consumer Protection Act, and tortious interference with a contractual relationship. Defendants deny any liability and Bartolo Valastro has moved to dismiss for lack of personal jurisdiction and for failure to state a claim.

COMBINED JOINT STATUS REPORT AND DISCOVERY
PLAN- 1
Cause No.: 2:10-CV-405

LAW OFFICE OF K.D. LONG, PLLC
1741 FIRST AVENUE SOUTH, SUITE 200
SEATTLE, WA 98134
206-569-0314 | 206-569-0313 (F)

The heart of the matter involves both parties use of "Cake Boss." Plaintiff uses the CAKEBOSS mark to represent software for home bakers for bakery business management, online instruction in the field of baking cakes, and providing information in the field of baking for baking enthusiasts. Defendants use *Cake Boss* as the title of a television series, associated web content, and other products associated with the television series.

The parties disagree as to whether there is a likelihood of confusion. The parties' respective positions are outlined in the papers related to the Motion for Preliminary Injunction. Plaintiff asserts that all products of plaintiff and defendants are related to the cake baking industry, therefore confusion is likely. Defendants assert that Plaintiff's products are related to financial baking software while their own products are related to television and products related to the subject matter of the television program, therefore confusion is not likely.

Plaintiff filed a motion for preliminary injunction on April 29, 2010. Defendants opposed the motion which had a Noting Date of May 28, 2010.

Defendant Valastro filed a Motion to Dismiss on grounds of lack of personal jurisdiction and/or failure to state a claim for which relief can be granted on June 4, 2010. Plaintiff opposed this motion which had a Noting Date of July 2, 2010.

2. Alternative Dispute Resolution

The Parties propose that mediation be employed in this case.

3. Timing of Alternative Dispute Resolution

Plaintiff believes that mediation should be employed at some point prior to November 1, 2010. Defendants prefer that mediation take place before September 3, 2010.

COMBINED JOINT STATUS REPORT AND DISCOVERY PLAN- 2
Cause No.: 2:10-CV-405

LAW OFFICE OF K.D. LONG, PLLC
1741 FIRST AVENUE SOUTH, SUITE 200
SEATTLE, WA 98134
206-569-0314 | 206-569-0313 (F)

4. Deadline for Joining Additional Parties

The Parties propose that the deadline for joining additional parties be October 1, 2010.

5. Proposed Discovery Plan

    A. The Parties conducted the FRCP 26(f) conference on June 23, 2010. The Parties exchanged FRCP 26(a) initial disclosures on June 30, 2010. Bartolo Valastro participated in the exchange of initial disclosures, but without waiving and while reserving all defenses and arguments contained in his motion to dismiss. The parties reserve their respective rights to supplement or amend their initial disclosures.

    B. The Parties propose that discovery be limited to issues related to the Complaint, the Answer, and the papers regarding the Motion for Preliminary Injunction. Plaintiff seeks discovery with respect to the issues related to Bartolo Valastro's Motion to Dismiss. Defendants do not agree that discovery on jurisdictional issues or other issues raised in Valastro's motion to dismiss is either warranted or appropriate. Discovery should also include matters related to experts proposed by either party. The Parties do not propose that discovery be limited in other ways or conducted in phases, but reserve their respective rights to seek such limitations on discovery or more expansive discovery as may become warranted.

    C. The Parties propose that the initial expert witness disclosures be due October 1, 2010. The Parties further propose that the rebuttal expert disclosures be due November 1, 2010. The Parties propose that each party shall notify their clients, agents, and witness(es) under their control not to destroy any

COMBINED JOINT STATUS REPORT AND DISCOVERY PLAN- 3
Cause No.: 2:10-CV-405

LAW OFFICE OF K.D. LONG, PLLC
1741 FIRST AVENUE SOUTH, SUITE 200
SEATTLE, WA 98134
206-569-0314 | 206-569-0313 (F)

documents or other things that are or may be evidence in the controversy. Every six months, Parties shall remind each client, agent, and witness under their control of their obligation not to destroy potential evidence.

D. The Parties will work in good faith to minimize the costs of discovery in any way practicable. The Parties agree that any discovery disputes that cannot be resolved between counsel be resolved by judicial conference call in place of a motion to compel.

E.
  i. Plaintiff does not propose the need for the Court to enter any other orders under FRCP 26(c) or Local Rule 16(b) and (c).
  ii. Defendants will seek a Protective Order pursuant to FRCP 26(c) regarding confidential, proprietary or commercially sensitive information. The parties will meet and confer in an effort to agree to the scope of such an order.
  iii. Both Parties propose any requests for protective orders shall be submitted to the court by July 30, 2010.

6. Discovery Completion

The Parties propose that discovery be completed by December 17, 2010.

7. Magistrate Judge

The Parties do not consent to a Magistrate Judge conducting all proceedings in this case.

8. Bifurcation

The Parties do not believe that bifurcation is necessary.

COMBINED JOINT STATUS REPORT AND DISCOVERY PLAN- 4
Cause No.: 2:10-CV-405

LAW OFFICE OF K.D. LONG, PLLC
1741 FIRST AVENUE SOUTH, SUITE 200
SEATTLE, WA 98134
206-569-0314 | 206-569-0313 (F)

9. Pretrial Statements and Orders

The Parties agree to observe the requirements of the Local Rules regarding the filing of pretrial statements and orders.

10. Other Suggestions

Defendants propose mediation within the next two months as a means for shortening or simplifying the case.

Plaintiff does not object to mediation.

11. Trial Date

The Parties believe that the case will be ready for trial in April 2011.

12. Trial Type

Plaintiff has requested a trial by jury.

Defendants do not object to a trial by jury.

13. Length of Trial

The Parties estimate the length of trial to be 10 days. The parties reserve their respective rights to revise this estimate in the event further fact discovery and expert discovery indicate the scope of the trial will be more extensive than presently anticipated.

14. Trial Counsel

Trial counsel for Masters Software, Inc. will be:

> Kathleen D. Long, WSBA No. 38317
> Law Office of K.D. Long, PLLC
> 1741 First Avenue South, Suite 200
> Seattle, WA 98134
> Tel: 206.569.0314
> KLong@KLongLaw.com

Trial Counsel for all Defendants will be:

COMBINED JOINT STATUS REPORT AND DISCOVERY PLAN- 5
Cause No.: 2:10-CV-405

LAW OFFICE OF K.D. LONG, PLLC
1741 FIRST AVENUE SOUTH, SUITE 200
SEATTLE, WA 98134
206-569-0314 | 206-569-0313 (F)

```
Bill Sherman
The Sherman Law Firm, PLLC
1111 Third Avenue, Suite 2230
Seattle, WA 98101
Tel: 206-552-9607
bill@billsherman.org

Randall A. Brater
Arent Fox LLP
1050 Connecticut Avenue NW
Washington, DC 20036
Tel: 202-715-8472
brater.randall@arentfox.com

Anthony V. Lupo
Arent Fox LLP
1050 Connecticut Avenue NW
Washington, DC 20036
Tel: 202-857-6353
lupo.anthony@arentfox.com
```

15. Service

All Defendants have been served.

16. Scheduling Conference

The Parties do not request a scheduling conference prior to a scheduling order being entered in the case.

Dated this 7th day of July, 2010.

Respectfully submitted,

Law Office of K.D. Long, PLLC

By __Kathleen D. Long__
Kathleen D. Long, WSBA # 38307
Attorney for Plaintiff, Masters Software, Inc.
1741 First Avenue South, Suite 200
Seattle, WA 98134

COMBINED JOINT STATUS REPORT AND DISCOVERY
PLAN- 6
Cause No.: 2:10-CV-405

LAW OFFICE OF K.D. LONG, PLLC
1741 FIRST AVENUE SOUTH, SUITE 200
SEATTLE, WA 98134
206-569-0314 | 206-569-0313 (F)

Tel: 206.569.0314
KLong@KLongLaw.com

ARENT FOX LLP
THE SHERMAN LAW FIRM, PLLC

By: /s/ Randall Brater
William Sherman
THE SHERMAN LAW FIRM, PLLC
1111 Third Avenue, Suite 2230
Seattle, Washington 98101
(206) 552-9607
bill@billsherman.org

Anthony V. Lupo (admitted *pro hac vice*)
Randall A. Brater (admitted *pro hac vice*)
ARENT FOX LLP
1050 Connecticut Avenue NW
Washington, DC 20036-5339
(202) 857-6000
lupo.anthony@arentfox.com
brater.randall@arentfox.com

*Counsel for Defendants Discovery Communications, Inc., The Learning Channel, Inc., The Learning Channel, LLC, and Bartolo "Buddy" Valastro*

COMBINED JOINT STATUS REPORT AND DISCOVERY
PLAN- 7
Cause No.: 2:10-CV-405

LAW OFFICE OF K.D. LONG, PLLC
1741 FIRST AVENUE SOUTH, SUITE 200
SEATTLE, WA 98134
206-569-0314 | 206-569-0313 (F)