HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MASTERS SOFTWARE, INC.,

    Plaintiff,

    v.

DISCOVERY COMMUNICATIONS, INC., et al.,

    Defendants.

CASE NO. C10-405RAJ

ORDER

## I. INTRODUCTION

This matter comes before the court on Defendants' motion to stay (Dkt. # 43). For the reasons stated below, the court GRANTS the motion in part and DENIES it in part. Pending appeal, the court partially and conditionally stays the preliminary injunction it entered on July 16, 2010. Dkt. # 40. This order concludes with a discussion of motions ancillary to that injunction that the court will terminate, subject to renewal.

## II. BACKGROUND

Defendants, collectively "Discovery,"[1] intend to appeal the court's July 16 order granting a preliminary injunction in favor of Plaintiff Masters Software, Inc. ("Masters"). The injunction targets Discovery's television show *Cake Boss*. It requires, in essence, that Discovery change the name of the show and cease the use of the old name in

---

[1] The corporate Defendants filed the motion to stay. The sole individual defendant, Bartolo Valastro, later joined it. Dkt. # 46. Mr. Valastro's motion to dismiss for lack of personal jurisdiction remains pending. Until the court resolves that motion, its orders bind Mr. Valastro unless otherwise stated.

ORDER – 1

marketing the show and related merchandise.  The injunction takes effect in phases, commencing upon Masters' posting of a $10,000 bond.  In the first phase, which began when Masters posted bond on July 22 (Dkt. ## 41, 42), Discovery was to cease using the "Cake Boss" name in connection with sales of merchandise relating to the show, excepting DVDs of past episodes.  In the second phase, which will begin a month after Discovery completes first-run airings of the current season of *Cake Boss*, Discovery must cease using the title for future episodes of the show and repeats of prior episodes.  In enjoining Discovery, the court found that Masters was likely to succeed on the merits of its claim that Discovery's use of the title *Cake Boss* infringed on Masters' "CakeBoss" trademark for computer software for cake bakery management and associated products, including cake recipes and tutorials.  The court also found that Masters made a sufficient showing as to other factors relevant to preliminary injunctive relief.

Discovery has not yet appealed, but asserts that it will do so.  It asks this court not only to stay the preliminary injunction pending appeal, but to stay all proceedings in this case pending appeal.  *See* Fed. R. App. P. 8(a) (requiring an appellant seeking a stay to first seek relief from the court below).

### III. ANALYSIS

A court must consider four factors when deciding whether to stay an order or judgment pending appeal:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure other parties interested in the proceeding; and (4) where the public interest lies.

*Nken v. Holder*, 129 S.Ct. 1749, 1761 (2009) (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)).  As the Court observed in *Nken*, there is "substantial overlap" between the factors guiding a court's consideration of a stay and "the factors governing preliminary injunctions." 129 S.Ct. at 1761 (noting that the two standards are not "one and the same, but [that] similar concerns arise whenever a court order may allow or disallow anticipated

ORDER – 2

action before the legality of that action has been conclusively determined"). In making that observation, the Court cited its recent opinion in *Winter v. Natural Resources Defense Council, Inc.*, 129 S.Ct. 365 (2008). In *Winter*, the court rejected at least portions of the Ninth Circuit's longstanding approach to motions for preliminary injunction. That approach included a sliding scale on which a movant could compensate for a lesser showing of harm by showing a correspondingly greater chance of success on the merits, and vice versa:

> Under the 'traditional' criteria, a plaintiff must show (1) a strong likelihood of success on the merits, (2) the possibility of irreparable injury to plaintiff if preliminary relief is not granted, (3) a balance of hardships favoring the plaintiff, and (4) advancement of the public interest (in certain cases). Alternatively, a court may grant the injunction if the plaintiff demonstrates either a combination of probable success on the merits and the possibility of irreparable injury or that serious questions are raised and the balance of hardships tips sharply in his favor.

*NRDC v. Winter*, 518 F.3d 658, 677 (9th Cir. 2008) (citation omitted). The Supreme Court rejected as "too lenient" the notion that a movant could win a preliminary injunction by showing only a "possibility" of irreparable harm. *Winter*, 129 S.Ct. at 375.

After *Winter*, several Ninth Circuit panels appeared to take a broad view of its holding, suggesting that no part of the sliding-scale approach survived. *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1126-27 (9th Cir. 2009) (noting that "[t]o the extent that our cases have suggested a lesser standard [than the one established in *Winter*], they are no longer controlling, or even viable.") (quoting *Am. Trucking Assns, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009)). In granting Masters' motion for a preliminary injunction, the court attempted to follow those decisions, resolving the motion in accordance with the four-factor *Winter* standard, despite the parties' attempt to invoke the sliding-scale standard. The parties had not cited *Winter*.

Twelve days after the court issued the preliminary injunction, the panel in *Alliance for the Wild Rockies ("Alliance") v. Cottrell*, No. 09-35756, 2010 U.S. App. LEXIS

ORDER – 3

15537 (9th Cir. Jul. 28, 2010), took a narrower view of *Winter*. After reviewing the post-*Winter* landscape in the Ninth Circuit and in other circuits with sliding-scale injunction standards, *id.* at *9-18, the panel "conclude[ed] that the 'serious questions' version of the sliding scale test for preliminary injunctions remains viable after the Supreme Court's decision in *Winter*." *Id.* at *18. The "serious questions version of the sliding scale test" requires the movant to demonstrate that "serious questions going to the merits were raised and the balance of hardships tips sharply in the plaintiff's favor." *Id.* at *18-19 (quoting *Lands Council v. McNair*, 537 F.3d 981, 987 (9th Cir. 2008) (en banc)). The *Alliance* panel explained that a "plaintiff must also satisfy the other *Winter* factors, including the likelihood of irreparable harm." *Id.*

Neither party has cited *Alliance*, but it is critical to the court's review of the instant motion to stay in two ways. First, the court assumes that the Ninth Circuit will apply the standard announced in *Alliance* when it considers Discovery's appeal, and thus this court should consider it when evaluating Discovery's likelihood of success on appeal. Second, the court assumes that the Ninth Circuit's sliding-scale approach to motions for stays pending appeal remains valid, albeit modified in a manner analogous to the effect of *Winter* on the sliding scale approach to preliminary injunctions. *See Golden Gate Restaurant Ass'n v. City and County of San Francisco*, 512 F.3d 1112, 1115-16 (9th Cir. 2008) (setting forth sliding-scale approach for stays analogous to standard for preliminary injunction). Specifically, the court assumes that a party can obtain a stay pending appeal by "demonstrat[ing] that serious legal questions are raised and the balance of hardships tips sharply in its favor," *Golden Gate*, 512 F.3d at 1116 (citation omitted), provided it also satisfies the other *Nken* standards.

A. **Likelihood of Success on Appeal**

A litigant seeking a stay from the district court is in the unenviable position of convincing that court that the decision it just issued is likely to be reversed. The court speculates that few judges issue decisions that they believe are likely to be reversed. The

ORDER – 4

1  July 16 order is no exception. The arguments Discovery raises in its motion to stay are
2  repetitive of the arguments it advanced when opposing injunctive relief. The court finds
3  those arguments unpersuasive, for the reasons articulated in the July 16 order. To the
4  extent Discovery examines the July 16 order in its motion to stay, it often
5  mischaracterizes it.
6      The court has, however, considered whether the application of the preliminary
7  injunction standard in *Alliance* would have led this court not to issue the injunction. The
8  answer is no.
9      In addition, the court finds that Discovery's opposition to the preliminary
10 injunction motion raises serious legal questions. The July 16 order enumerates the
11 numerous factual and legal considerations that led the court to enjoin Discovery. The
12 precedent on which the court relied suggests that plaintiffs invoking the "reverse
13 confusion" theory of trademark infringement are rarely successful. The court does not
14 find that Discovery is likely to prevail on appeal, but it has at least raised serious
15 questions relevant to its prospects for success.

16 **B.    Irreparable Injury Absent a Stay**

17     Discovery presents a variety of evidence regarding the injury it will suffer absent a
18 stay. Some of that evidence is compelling; some is not. In particular, the court is not
19 persuaded by evidence that Discovery intends to start filming the fourth season of *Cake*
20 *Boss* as early as next week. The court does not doubt the truth of this assertion, but rather
21 queries how the injunction impacts filming. The injunction does not require Discovery to
22 modify the content of the television program, it requires a new title. Discovery presents
23 no evidence that the title *Cake Boss* is somehow integrated into the content of the
24 program. The court assumes (based solely on its experiences with television programs
25 generally) that *Cake Boss* has a title sequence and perhaps other stock elements that
26 incorporate the title, but there is no evidence that commencing filming next week means
27 that it must commence the alteration of those elements next week.
28 ORDER – 5

Discovery's best evidence comes not from its motion to stay (with which it submitted almost no evidence) but from its not-yet-ripe motion to modify the bond associated with the injunction. There, Discovery offers the report of an analyst on the likely cost of rebranding *Cake Boss*. Report of W. Anson (Dkt. # 61). He opines that it will cost Discovery millions of dollars to rebrand the program, and that the vast majority of that expense will come not from modifying the television show or associated products, but from marketing the retitled program. Masters has had no chance to respond to that report, and the court makes no findings based on it. The report does, however, provide the first evidence supporting a notion that no one is likely to dispute: it will be expensive for Discovery to retitle *Cake Boss*.

The expense of retitling *Cake Boss* does not concern the court nearly as much as the potentially irreversible nature of retitling the program. If Discovery invests the resources necessary to retitle the program, it can hardly be expected to attempt to reclaim the *Cake Boss* name in the event that it succeeds on appeal. As the court noted in assessing the harm to Masters in the July 16 order, loss of control over one's trademark is irreparable harm. Should this court's ruling result in the destruction of Discovery's trademark, that harm too would be irreparable.

The court emphasizes that it is difficult to determine the likelihood of harm without knowing how quickly the Ninth Circuit will resolve Discovery's appeal. Based on the evidence before the court, however, there is a realistic possibility that complying with the injunction would require Discovery to at least begin the retitling process, and perhaps even complete it, before the resolution of the appeal. Under these circumstances, the possibility of irreparable, irreversible harm to Discovery is heightened.

**C.     Injury to Other Parties**

Masters will continue to suffer irreparable injury if the court grants a stay. The court examined the nature of the injury to Masters in the July 16 order, and will not

ORDER – 6

repeat that analysis here. Masters has been suffering that injury for some time, however, and unlike the potential injury to Discovery, its injury is not irreversible. If Masters wins on appeal, the stay will end, and it can reclaim its trademark, albeit after some delay.

**D.     Public Interest**

As the court discussed in the July 16 order, the public interest is implicated only weakly in this case. It does not weigh significantly in favor of either party.

**E.     Balance of Hardships**

The hardships that are relevant to Discovery's request for a stay differ from those relevant to Masters' motion for an injunction. In considering a stay, the court must balance the hardships the parties would suffer with or without a stay pending the resolution of the appeal. As the court has already discussed, Discovery faces harm that is potentially irreparable and irreversible, whereas the harm to Masters resulting from a stay is merely irreparable.

The court finds that Discovery has shown that its appeal raises serious questions on the merits, and that the balance of hardships that would arise from the denial of a stay tips sharply in Discovery's favor. For that reason, the court will stay the injunction pending appeal.

**F.     Request for Stay of This Case Pending Appeal**

The court will not, however, stay proceedings in this case pending appeal. The court concluded on July 16 that Masters was likely to succeed on the merits of its trademark claims. Discovery disputes this, but seems to overlook that proceeding to trial and succeeding on the merits of its defenses to the trademark claims is one way to undo a preliminary injunction. If anything, the court would expect Discovery to press for an expedited trial, so that a jury could vindicate its position and dissolve the injunction. Instead, Discovery asks the court to forestall a resolution of its claims on the merits. The court denies the request.

ORDER – 7

**G.     Terms of Stay**

As stated above, the court stays the July 16 preliminary injunction. The stay is limited and conditional.

First, the court declines to stay the portions of the preliminary injunction that require Discovery to cease using the *Cake Boss* name in conjunction with the sales of merchandise other than *Cake Boss* DVDs. There is no evidence that this portion of the injunction threatens Discovery with irreversible harm.

Second, the stay is conditioned upon Discovery making all reasonable efforts to expedite the resolution of its appeal. It shall request an expeditious briefing schedule and an expeditious decision from the Ninth Circuit. It shall not oppose Masters' reasonable efforts to expedite proceedings on appeal. Masters may seek relief from the stay in this court if Discovery does not comply with this condition.

Third, the court will terminate Discovery's pending motion to modify the bond associated with the preliminary injunction. Discovery is free to renew that motion, but if it does, it must address how the stay impacts its request for bond, and it must also address whether this court retains jurisdiction to modify the bond given Discovery's appeal.

Fourth, the stay will not take effect until Discovery timely appeals.

//
//
//
//
//
//
//
//
//
//

ORDER – 8

## IV.  CONCLUSION

For the reasons stated above, the court GRANTS Discovery's motion (Dkt. # 43) to the extent it seeks a stay of the July 16 injunction pending appeal, and DENIES it to the extent it seeks a stay of proceedings in this court.  The clerk shall terminate Discovery's motion to modify bond (Dkt. # 57) and its motions to seal documents associated with that motion (Dkt. ## 55, 60).  The documents filed under seal in conjunction with that motion (Dkt. ## 60, 61, 62) may remain under seal until further order of the court.

DATED this 13th day of August, 2010.

_____
The Honorable Richard A. Jones
United States District Judge

ORDER – 9